# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00447-CR

**Floyd Fowler, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. D-1-DC-02-302642/3022642, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## O P I N I O N

Appellant Floyd Fowler received two convictions for the offense of indecency with a child by contact (Count I), one conviction for the offense of indecency with a child by exposure (Count II), and three convictions for the offense of aggravated sexual assault of a child (Count III). *See* Tex. Penal Code Ann. § 21.11(a)(1), (2) (West 2003), § 22.021(a)(1)(B) (West Supp. 2006). Punishment was assessed at 20 years' imprisonment and a $10,000 fine for each conviction under Count I, 10 years' imprisonment and a $10,000 fine for the conviction under Count II, and 35 years' imprisonment and a $10,000 fine for each conviction under Count III. On appeal, Fowler argues that the district court erred by authorizing six convictions when the indictment authorized only three. Fowler additionally contends that the district court erred by allowing the State to amend the third paragraph of Count III of the indictment. For the reasons stated below, we reverse the judgments

of conviction for the counts that were not authorized by the indictment, and we dismiss those judgments.  In all other respects, we affirm.

## BACKGROUND

The sufficiency of the evidence is not contested on appeal.  The complainant, S.D., testified that Fowler, her mother's boyfriend, began engaging in inappropriate sexual conduct with her when she was five years old and engaged in this conduct repeatedly over a period of several years.  S.D. testified that the conduct continued until she was twelve years old.

By a three-count indictment, a grand jury charged Fowler with indecency with a child by contact, indecency with a child by exposure, and aggravated sexual assault of a child.  The indictment contained three sections labeled as "Counts," which contained a total of eight paragraphs.

Count I contained three paragraphs, and alleged that Fowler committed the following acts of indecency with a child by contact:

- Count I, paragraph one, alleged that Fowler touched S.D.'s genitals.
- Count I, paragraph two, alleged that Fowler touched S.D.'s breast.
- Count I, paragraph three, alleged that Fowler caused S.D. to touch his genitals.

Count II contained one paragraph, alleging that Fowler had committed indecency with a child by exposure by exposing his genitals to S.D.

Count III contained four paragraphs, and alleged that Fowler had committed the following acts of aggravated sexual assault of a child:

2

- Count III, paragraph one, alleged that Fowler penetrated S.D.'s sexual organ with his sexual organ.

- Count III, paragraph two, alleged that Fowler penetrated S.D.'s sexual organ with his finger.

- Count III, paragraph three, alleged that Fowler caused S.D.'s sexual organ to contact his anus.

- Count III, paragraph four, alleged that Fowler caused S.D.'s sexual organ to contact his sexual organ.

Prior to trial, the State moved to amend Count III, paragraph three by switching the terms "sexual organ" and "anus." In other words, the amended paragraph would allege that Fowler caused S.D.'s anus to contact Fowler's sexual organ. Fowler objected, asserting that this amendment would charge an additional or different offense. *See* Tex. Code Crim. Proc. Ann. art. 28.10(c) (West 2006). The district court permitted the amendment.

The case proceeded to trial. At the close of the State's case, Fowler moved to require the State to elect among the various acts alleged in the indictment that it would rely on for conviction in Counts I and III. *See O'Neal v. State*, 746 S.W.2d 769, 772 (Tex. Crim. App. 1988). The State chose not to proceed with Count I, paragraph one, and Count III, paragraph four. Thus, the State elected to proceed with the following:

- Count I, paragraph two: S.D. described an incident during which Fowler put his mouth on her breast.

- Count I, paragraph three: S.D. described an incident during which Fowler forced her to touch his genitals over the bathroom sink under running water.

3

- Count II: S.D. described an incident during which Fowler forced her to watch him masturbate over the toilet.

- Count III, paragraph one: S.D. described an incident during which Fowler penetrated her sexual organ with his sexual organ.

- Count III, paragraph two: S.D. described an incident during which Fowler penetrated her sexual organ with his finger.

- Count III, paragraph three: S.D. described an incident during which Fowler touched her anus with his sexual organ.

All six of the above paragraphs were submitted to the jury in the court's charge, and a separate verdict form was provided for each. Other than to renew his previous objection to the amendment in the third paragraph of Count III, Fowler did not object to this submission.

On all six verdict forms, the jury found Fowler guilty. In accordance with the jury's verdicts, the district court entered judgment of conviction for six offenses, two of which were derived from Count I of the indictment and three of which were derived from Count III. This appeal followed.

**DISCUSSION**

In his first two issues, Fowler argues that because the indictment contained only three counts, the indictment authorized only three convictions. Thus, according to Fowler, "[e]rror occurred when appellant was convicted of more than one offense for Count I and more than one offense for Count III." In his third issue, Fowler contends that this error implicates his constitutional right to a grand jury screening of the charges against him.

4

When multiple offenses are properly joined in a single indictment, each offense should normally be alleged in a separate count. *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 2006)). A count may contain as many separate paragraphs charging the same offense as necessary. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 21.24(b)). As a general rule, a "count" is used to charge the offense itself and a "paragraph" is that portion of a count which alleges the method of committing the offense. *Id.* at 673. The question in this case is whether Fowler may be convicted of more than one paragraph per count.

This exact issue was recently addressed by the court of criminal appeals in *Martinez v. State*, No. PD-0575-05, 2007 Tex. Crim. App. LEXIS 694 (Tex. Crim. App. June 6, 2007). Martinez was charged in a three-count indictment with the offenses of indecency with a child by contact (Count I), indecency with a child by exposure (Count II), and aggravated sexual assault of a child (Count III). Count I contained four paragraphs, Count II contained one paragraph, and Count III contained three paragraphs. There were a total of eight paragraphs in the indictment. *Id.* at *2-3.

During the charge conference, the trial court allowed the State to submit each paragraph to the jury as a separate "minicount." *Id.* at *6 n.3. The trial court reasoned "that submitting each paragraph as a separate offense assured jury unanimity as to each distinct allegation in the indictment." *Id.* Martinez objected, but the trial judge overruled this objection as "premature." *Id.* The State then chose to proceed on six of the eight paragraphs: three under Count

I, one under Count II, and two under Count III. *Id*. at *4. All six paragraphs were submitted to the jury. *See id*.

The jury found Martinez guilty of Count I, paragraphs two and three, Count II, and Count III, paragraph two. *Id*. at *7. The jury found Martinez not guilty of Count I, paragraph one and Count III, paragraph one. *Id*. Thus, in a three-count indictment, Martinez was found guilty of four offenses and the trial court entered judgment of conviction for four offenses. *Id*.

On review, this Court affirmed the trial court's judgment. *See Martinez v. State*, 161 S.W.3d 697, 706 (Tex. App.—Austin 2005). The court of criminal appeals reversed. The court first held that the trial court "committed no error in submitting the various paragraphs in six separate verdict forms." *Id*. at *10. The court reasoned that "[t]hese paragraphs were all pled in the indictment, so the State was entitled to prosecute all of them." *Id*. at *10-11. The court went on to explain:

> When confronted with a single count that contains multiple allegations that are really separate offenses, the trial judge should protect the rights of both parties by submitting the separate allegations to the jury, but in such a way as to ensure that each allegation is decided unanimously. Perhaps the simplest way to do that is to submit separate verdict forms, as was done in the present case.

*Id*. at *11-12.

However, the court further held that "rendering judgment" on all four convictions was error. *See id*. at *12. The court stated that "since each 'count' alleges a single offense, an indictment cannot authorize more convictions than there are counts." *Id*. at *8-9. "Because there

6

were only three counts . . . the indictment authorized only three convictions (and only one conviction per count)." *Id*. at *9.

The court concluded that it is the role of the trial court to ensure that the defendant is not convicted of more offenses than are authorized by the indictment:

> The jury need not be concerned with the legal niceties surrounding the structure of the offenses within the indictment. That is the trial judge's job. Once the judge receives the jury's verdicts, he should perform the task of deciding what judgment is authorized by those verdicts in light of the controlling law, the indictment, and the evidence presented at trial. In this case, the trial judge did not perform that task. He should have realized that the four verdicts of the jury had the legal effect of authorizing only three judgments of conviction, because the law does not permit more than one conviction per count in the indictment.

*Id*. at *12.

We are faced with a similar situation. In a three-count indictment, the district court rendered judgment of conviction for two offenses under Count I and judgment of conviction for three offenses under Count III. In accordance with the court's decision in *Martinez*, we hold that it was error for the trial court to render judgment of conviction on more than one paragraph per count. *See id*.

We also hold that the error was not harmless, "because appellant was convicted of more offenses than were authorized by the indictment." *Id*. at *12. According to the court in *Martinez*, this error implicates Fowler's constitutional due-process right to notice and his constitutional right to a grand jury screening of the charges against him. *Id*. at *9-10; *see* Tex. R. App. P. 44.2(a). Furthermore, "even if viewed as a purely statutory violation [of article

7

21.24], it affected appellant's substantial rights." *Martinez*, 2007 Tex. Crim. App. LEXIS at *12; *see* Tex. R. App. P. 44.2(b).

To remedy the district court's harmful error, we must strike one of the two convictions under Count I of the indictment and two of the three convictions under Count III of the indictment.[1] *See Martinez*, 2007 Tex. Crim. App. LEXIS at *12-13. Fowler received the same punishment for both convictions under Count I and the same punishment for all three convictions under Count III. According to the court in *Martinez*, when we are confronted with multiple convictions that carry the same punishment, "we may strike either conviction." *Id*.

However, the court in *Martinez* chose to strike the conviction that Martinez alleged violated double jeopardy. *Id*. Thus, the court did not need to "reach the substance of appellant's double jeopardy claim." *Id*. Similarly, we choose to strike the conviction based on the amended paragraph that Fowler alleges violates article 28.10 of the code of criminal procedure—Count III, paragraph three. Thus, we need not address Fowler's fourth and fifth issues.

We also choose to strike Count I, paragraph three and Count III, paragraph two. We do so in order to be consistent with this Court's recent decision in *Williams v. State*, No. 03-06-00039-CR, 2007 Tex. App. LEXIS 4295 (Tex. App.—Austin July 27, 2007, no pet. h.), in which we held that "when our application of the 'most serious' offense or punishment test yields an indeterminate conclusion,"—as it does in this case—the conviction that should be affirmed is the

---

[1] Without citing to authority, Fowler asserts that to remedy this error we should reverse all of his convictions and remand the case for a new trial. However, the court in *Martinez* indicated that the proper remedy is to strike the convictions that violate article 21.24 and reform the judgment accordingly. *See Martinez v. State*, No. PD-0575-05, 2007 Tex. Crim. App. LEXIS 694, at *13 (Tex. Crim. App. June 6, 2007). We shall apply the remedy approved in *Martinez*.

offense named in the first verdict form. *Id*. at *20. Thus, we affirm the convictions in Count I, paragraph two and Count III, paragraph one. Of course, because there was only one conviction in Count II, we also affirm that conviction.

## CONCLUSION

There are six judgments before us. We affirm the judgments of conviction in Count I, paragraph two, Count II, and Count III, paragraph one. We reverse and dismiss the judgments of conviction in Count I, paragraph three, Count III, paragraph two, and Count III, paragraph three.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed in part; Reversed and Dismissed in part

Filed: June 21, 2007

Publish

9