# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00736-CR

**Manuel Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-07-300124, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Manuel Martinez pleaded guilty to aggravated assault with a deadly weapon by causing serious bodily injury, and aggravated assault with a deadly weapon by threatening serious bodily injury. The trial court assessed punishment at twenty years' imprisonment and ten years' imprisonment, respectively, with the sentences to run concurrently.

Martinez's court-appointed counsel filed a brief in which he states that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Our review of the record, however, discloses an error that is not frivolous.

Martinez was charged in a single indictment containing three counts—one count of aggravated assault and two counts of assault—with multiple paragraphs under each count. Martinez was convicted of aggravated assault under count one, paragraphs two and three, and again under count one, paragraph five. Because a count alleges a single offense, an indictment cannot authorize

more convictions than there are counts, and there can be only one conviction per count. *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007). This Court has previously held that a trial court erred by rendering judgments of conviction on more than one paragraph in a single count. *See Fowler v. State*, 240 S.W.3d 277, 281 (Tex. App.—Austin 2007, pet. ref'd).

The appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief discussing whether the trial court erred in rendering multiple judgments on a single count and any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to withdraw is granted. *See id.* A copy of the order appointing substitute counsel shall be forwarded to this Court no later than November 10, 2008. Substitute counsel's brief will be due thirty days after the date of appointment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Abated

Filed:   October 30, 2008

Do Not Publish