TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00736-CR






Manuel Martinez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. D-1-DC-07-300124, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Manuel Martinez pleaded guilty to aggravated assault with a deadly
weapon by causing serious bodily injury, and aggravated assault with a deadly weapon by threatening
serious bodily injury. See Tex. Penal Code Ann. § 22.02 (West Supp. 2008). Both of these
convictions included family-violence findings. The trial court assessed punishment at twenty years'
imprisonment and ten years' imprisonment, respectively, with the sentences to run concurrently. 

 After Martinez's court-appointed counsel filed a brief stating that the appeal was
frivolous, see Anders v. California, 386 U.S. 738 (1967), we abated the appeal for briefing on the
issue of whether the trial court erred in rendering multiple judgments of conviction under a single
count of the indictment. The appeal has now been reinstated, and Martinez argues that the trial court
did in fact err by rendering two judgments of conviction under a single count of the indictment. 
Because we agree with Martinez, we reverse and dismiss the judgment of conviction for aggravated
assault with a deadly weapon by threatening serious bodily injury, and affirm the remaining
conviction for aggravated assault with a deadly weapon by causing serious bodily injury.


BACKGROUND

 As a result of several violent acts committed against his former girlfriend, D.M.,
Martinez was charged in a single indictment containing three counts--one count of family-violence
aggravated assault and two counts of family-violence assault--with multiple paragraphs alleging
varying manner and means of committing the offense under each count. 

 Martinez initially entered a plea of not guilty and proceeded to a bench trial. During
D.M.'s testimony at trial, Martinez made the decision to plead guilty to the charges of family-violence aggravated assault with a deadly weapon, a hot pan, causing serious bodily injury, and
family-violence aggravated assault with a deadly weapon, glass, threatening serious bodily injury. 
See Tex. Penal Code Ann. § 22.02. Based on this guilty plea, Martinez was convicted of aggravated
assault under count one, paragraphs two and three, and again under count one, paragraph five. (1) The
State agreed to waive counts two and three of the indictment. The trial court sentenced Martinez to
twenty years' confinement for aggravated assault under paragraphs two and three of count one and
ten years' confinement for aggravated assault under paragraph five of count one, to run concurrently. 


DISCUSSION

 In a single issue on appeal, Martinez argues that the trial court erred in rendering
two judgments of conviction based on two paragraphs of a single count in the indictment. The State
concedes that error occurred and requests that we dismiss the conviction for aggravated assault as
alleged in paragraph five of count one, which carries the lesser sentence of ten years' confinement.

 Because a count in an indictment alleges a single offense, an indictment cannot
authorize more convictions than there are counts, and there can be only one conviction per count. 
Martinez v. State, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007); see also Tex. Code Crim. Proc.
art. 21.24(a) (West 2009) ("Two or more offenses may be joined in a single indictment, information,
or complaint, with each offense stated in a separate count . . . .") (emphasis added). Therefore, a
trial court errs by rendering multiple judgments of conviction based on separate paragraphs in a
single count. See Sledge v. State, 262 S.W.3d 492, 495 (Tex. App.--Austin 2008, no pet.);
Fowler v. State, 240 S.W.3d 277, 281 (Tex. App.--Austin 2007, pet. ref'd). Such error is not
harmless because it violates a defendant's constitutional due-process right to notice and his
constitutional right to a grand jury screening of the charges against him. Fowler, 240 S.W.3d at 281.
 As a result, we hold that the trial court erred in rendering two judgments of conviction based on a
single count of aggravated assault.

 While Martinez requests that the case be remanded for further proceedings, the State
argues that we should affirm the most serious conviction under count one of the indictment and
vacate the other conviction, adopting the "most serious offense" test routinely used to remedy
double-jeopardy errors. See, e.g., Bigon v. State, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008)
(applying "most serious offense" test to remedy double-jeopardy error). 

 In addressing this type of error, this Court has previously held that the remedy is not
to remand, but to set aside all but one judgment of conviction under a single count. See Sledge,
262 S.W.3d at 496; Fowler, 240 S.W.3d at 282 n.1 ("[T]he proper remedy is to strike the convictions
that violate article 21.24 and reform the judgment accordingly."). In Fowler, we noted that the "most
serious offense" yielded an indeterminate conclusion because the appellant received the same
sentence for each conviction. 240 S.W.3d at 282. There is no such problem in the present case,
where Martinez received a ten-year sentence for aggravated assault with a deadly weapon by
threatening serious bodily injury and a twenty-year sentence for aggravated assault with a deadly
weapon by causing serious bodily injury. As a result, we will strike the conviction carrying the
lesser sentence--aggravated assault with a deadly weapon by threatening serious bodily injury, as
alleged in count one, paragraph five of the indictment--and retain the remaining aggravated
assault conviction.

 In its brief on appeal, the State requests that we correct a clerical error in the judgment
to reflect that the remaining conviction for aggravated assault is a first-degree felony, rather than a
second-degree felony. The initial judgment of conviction incorrectly indicated that the conviction
for aggravated assault as alleged in paragraphs two and three of count one of the indictment was a
second-degree felony, despite the inclusion of a family-violence finding that elevated it to a first-degree felony. See Tex. Penal Code Ann. § 22.02(b)(1) (aggravated assault with deadly weapon,
causing serious bodily injury, is elevated to first-degree felony in context of family violence). 
Martinez's written guilty plea correctly described the offense as a first-degree felony and the trial
court orally admonished Martinez that he was pleading guilty to a first-degree felony. 

 The supplemental clerk's record contains a judgment nunc pro tunc, indicating that
the conviction for aggravated assault as alleged in paragraphs two and three of count one of the
indictment is a first-degree felony. Martinez does not raise an issue on appeal or otherwise argue
that the trial court erred in issuing the judgment nunc pro tunc or did anything other than correct a
clerical error. Because the judgment nunc pro tunc correctly reflects that the offense is a first-degree
felony, the State's request is moot.


 CONCLUSION

 We reverse and dismiss Martinez's conviction for aggravated assault with a deadly
weapon by threatening serious bodily injury as alleged in paragraph five of count one of the
indictment. We affirm the judgment of conviction for aggravated assault with a deadly weapon by
causing serious bodily injury as alleged in paragraphs two and three of count one of the indictment.


__________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed in part; Reversed and Dismissed in part

Filed: August 31, 2009

Do Not Publish

1. Paragraph two alleged that Martinez committed aggravated assault by burning D.M. with
a hot pan, causing injury, while paragraph three alleged that he committed aggravated assault by
burning her with a hot pan, causing serious bodily injury. Paragraph five alleged that he committed
aggravated assault by threatening D.M. with imminent bodily injury using glass as a deadly weapon.