# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00736-CR

**Manuel Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. D-1-DC-07-300124, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Manuel Martinez pleaded guilty to aggravated assault with a deadly weapon by causing serious bodily injury, and aggravated assault with a deadly weapon by threatening serious bodily injury. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). Both of these convictions included family-violence findings. The trial court assessed punishment at twenty years' imprisonment and ten years' imprisonment, respectively, with the sentences to run concurrently.

After Martinez's court-appointed counsel filed a brief stating that the appeal was frivolous, *see Anders v. California*, 386 U.S. 738 (1967), we abated the appeal for briefing on the issue of whether the trial court erred in rendering multiple judgments of conviction under a single count of the indictment. The appeal has now been reinstated, and Martinez argues that the trial court did in fact err by rendering two judgments of conviction under a single count of the indictment. Because we agree with Martinez, we reverse and dismiss the judgment of conviction for aggravated

assault with a deadly weapon by threatening serious bodily injury, and affirm the remaining conviction for aggravated assault with a deadly weapon by causing serious bodily injury.

## BACKGROUND

As a result of several violent acts committed against his former girlfriend, D.M., Martinez was charged in a single indictment containing three counts—one count of family-violence aggravated assault and two counts of family-violence assault—with multiple paragraphs alleging varying manner and means of committing the offense under each count.

Martinez initially entered a plea of not guilty and proceeded to a bench trial. During D.M.'s testimony at trial, Martinez made the decision to plead guilty to the charges of family-violence aggravated assault with a deadly weapon, a hot pan, causing serious bodily injury, and family-violence aggravated assault with a deadly weapon, glass, threatening serious bodily injury. *See* Tex. Penal Code Ann. § 22.02. Based on this guilty plea, Martinez was convicted of aggravated assault under count one, paragraphs two and three, and again under count one, paragraph five.[1] The State agreed to waive counts two and three of the indictment. The trial court sentenced Martinez to twenty years' confinement for aggravated assault under paragraphs two and three of count one and ten years' confinement for aggravated assault under paragraph five of count one, to run concurrently.

## DISCUSSION

In a single issue on appeal, Martinez argues that the trial court erred in rendering two judgments of conviction based on two paragraphs of a single count in the indictment. The State

---

[1] Paragraph two alleged that Martinez committed aggravated assault by burning D.M. with a hot pan, causing injury, while paragraph three alleged that he committed aggravated assault by burning her with a hot pan, causing serious bodily injury. Paragraph five alleged that he committed aggravated assault by threatening D.M. with imminent bodily injury using glass as a deadly weapon.

concedes that error occurred and requests that we dismiss the conviction for aggravated assault as alleged in paragraph five of count one, which carries the lesser sentence of ten years' confinement.

Because a count in an indictment alleges a single offense, an indictment cannot authorize more convictions than there are counts, and there can be only one conviction per count. *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007); *see also* Tex. Code Crim. Proc. art. 21.24(a) (West 2009) ("Two or more offenses may be joined in a single indictment, information, or complaint, *with each offense stated in a separate count . . . .*") (emphasis added). Therefore, a trial court errs by rendering multiple judgments of conviction based on separate paragraphs in a single count. *See Sledge v. State*, 262 S.W.3d 492, 495 (Tex. App.—Austin 2008, no pet.); *Fowler v. State*, 240 S.W.3d 277, 281 (Tex. App.—Austin 2007, pet. ref'd). Such error is not harmless because it violates a defendant's constitutional due-process right to notice and his constitutional right to a grand jury screening of the charges against him. *Fowler*, 240 S.W.3d at 281. As a result, we hold that the trial court erred in rendering two judgments of conviction based on a single count of aggravated assault.

While Martinez requests that the case be remanded for further proceedings, the State argues that we should affirm the most serious conviction under count one of the indictment and vacate the other conviction, adopting the "most serious offense" test routinely used to remedy double-jeopardy errors. *See, e.g.*, *Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008) (applying "most serious offense" test to remedy double-jeopardy error).

In addressing this type of error, this Court has previously held that the remedy is not to remand, but to set aside all but one judgment of conviction under a single count. *See Sledge*,

262 S.W.3d at 496; *Fowler*, 240 S.W.3d at 282 n.1 ("[T]he proper remedy is to strike the convictions that violate article 21.24 and reform the judgment accordingly."). In *Fowler*, we noted that the "most serious offense" yielded an indeterminate conclusion because the appellant received the same sentence for each conviction. 240 S.W.3d at 282. There is no such problem in the present case, where Martinez received a ten-year sentence for aggravated assault with a deadly weapon by threatening serious bodily injury and a twenty-year sentence for aggravated assault with a deadly weapon by causing serious bodily injury. As a result, we will strike the conviction carrying the lesser sentence—aggravated assault with a deadly weapon by threatening serious bodily injury, as alleged in count one, paragraph five of the indictment—and retain the remaining aggravated assault conviction.

In its brief on appeal, the State requests that we correct a clerical error in the judgment to reflect that the remaining conviction for aggravated assault is a first-degree felony, rather than a second-degree felony. The initial judgment of conviction incorrectly indicated that the conviction for aggravated assault as alleged in paragraphs two and three of count one of the indictment was a second-degree felony, despite the inclusion of a family-violence finding that elevated it to a first-degree felony. *See* Tex. Penal Code Ann. § 22.02(b)(1) (aggravated assault with deadly weapon, causing serious bodily injury, is elevated to first-degree felony in context of family violence). Martinez's written guilty plea correctly described the offense as a first-degree felony and the trial court orally admonished Martinez that he was pleading guilty to a first-degree felony.

The supplemental clerk's record contains a judgment nunc pro tunc, indicating that the conviction for aggravated assault as alleged in paragraphs two and three of count one of the

4

indictment is a first-degree felony. Martinez does not raise an issue on appeal or otherwise argue that the trial court erred in issuing the judgment nunc pro tunc or did anything other than correct a clerical error. Because the judgment nunc pro tunc correctly reflects that the offense is a first-degree felony, the State's request is moot.

## CONCLUSION

We reverse and dismiss Martinez's conviction for aggravated assault with a deadly weapon by threatening serious bodily injury as alleged in paragraph five of count one of the indictment. We affirm the judgment of conviction for aggravated assault with a deadly weapon by causing serious bodily injury as alleged in paragraphs two and three of count one of the indictment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed in part; Reversed and Dismissed in part

Filed: August 31, 2009

Do Not Publish