**Affirmed and Memorandum Opinion filed January 31, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-10-00740-CR

**RAFAEL LIMAS PENA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1236630**

## M E M O R A N D U M   O P I N I O N

Appellant Rafael Limas Pena challenges his conviction for felony aggravated sexual assault, asserting in two issues that the trial court erred by refusing his requested jury instructions regarding the statute of limitations and a lesser-included offense. We affirm.

### *Background*

The complainant, D.S., testified that he attended a family barbeque at his uncle's home "over the summer" when he was "five or six years old" in "1987 [or] 1988."

Appellant, a close friend of D.S.'s family, lived in the garage apartment attached to the home of D.S.'s uncle. D.S., his siblings, and their cousins were playing in the garage apartment when appellant asked them to leave so that he could go to sleep. D.S. was the last child to leave. Appellant grabbed D.S. by the shoulder, held him back, and locked the door. Appellant fondled D.S.'s body over his clothes, including his bottom, and told him not to tell anyone or appellant would cut out his tongue.

Approximately two weeks after this incident, D.S. attended another family barbeque at his uncle's home. While the party proceeded outside, D.S. went inside the house to use the restroom. On his way out, appellant grabbed him, pulled him into the garage apartment, and again locked the door. This time, after fondling D.S., appellant turned D.S. around, forced him to bend over the bed, and removed his shorts and underwear. Appellant forcefully penetrated D.S.'s anus with appellant's penis and then attempted to force D.S. to perform oral sex. After D.S. refused to open his mouth, appellant manually stimulated himself and ejaculated. Afterward, appellant repeated his threat to cut out D.S.'s tongue if D.S. told anyone.

D.S.'s family hosted a barbeque at their house approximately two years later when D.S. was seven years old and in the first grade. D.S. went to bed around 9:00 p.m. and was later awakened by appellant. Appellant told D.S. that his mother was calling him. D.S. then walked toward the living room and called his mom, but everyone else was outside. Appellant grabbed D.S. and pulled him into the bathroom. Appellant told D.S. to lie face down on the floor. Appellant pulled down D.S.'s shorts and underwear, again forcefully penetrated D.S.'s anus with appellant's penis, and eventually ejaculated on D.S.'s back. Before appellant left the bathroom, he said, "[Y]ou already know what's going to happen to you."

D.S. kept these incidents to himself until 2002 when he was 18. At that time, he told his parents, and they reported the incidents to the Baytown Police Department. The case was not investigated until 2009, after D.S.'s cousin confronted appellant regarding D.S.'s accusations, which resulted in an altercation. Appellant was indicted for and

2

charged with only one act of aggravated sexual assault of a child "on or about November 15, 1990," although the State introduced evidence of indecency with a child and two aggravated sexual assaults, as set forth above. A jury found appellant guilty and assessed punishment at 23 years' imprisonment. The trial court sentenced appellant in accordance with the jury's assessment of punishment.

## *Limitations*

In his first issue, appellant argues the trial court erred by refusing to instruct the jurors that they could not base a conviction on the first act of aggravated sexual assault if they believed the offense was barred by limitations.

A person commits aggravated sexual assault if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child or causes the anus of a child to contact the sexual organ of the actor. Tex. Penal Code § 22.021(a)(1)(B)(i), (iv). At issue are two versions of the statute of limitations for this offense. Effective September 1, 1987, the limitations period for sexual assault of a child was ten years from the commission of the offense. Act of May 31, 1987, 70th Leg., R.S., ch. 716 §§ 1, 3, 1985 Tex. Sess. Law Serv. 716 (the "Old Statute"). Effective September 1, 1997, the limitations period was amended to be ten years from the victim's eighteenth birthday.[1] Act of May 24, 1997, 75th Leg., R.S., ch. 740 §§ 1, 4, 1997 Tex. Sess. Law Serv. 740 (the "New Statute"). This amendment did not apply to the prosecution of any offense that was barred by limitations before September 1, 1997. *Id*. § 3.

A defendant may assert the statute-of-limitations defense by requesting a jury instruction on limitations if there is some evidence before the jury, from any source, that the prosecution is time-barred. *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998); *King v. State*, 17 S.W.3d 7, 20 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The State must prove beyond a reasonable doubt that the prosecution is not barred by

---

[1] The legislature may extend the statute of limitations for prosecution of a criminal offense after the offense has been committed but before the expiration of the original limitations period. *Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988).

3

limitations if the defendant presents some evidence and requests a jury instruction on the limitations defense. *King*, 17 S.W.3d at 20. A requested instruction need not be in perfect form, but it must be sufficient to apprise the trial court of the omission in the charge. *Chapman v. State*, 921 S.W. 2d 694, 695 (Tex. Crim. App. 1996); *see also* Tex. Code Crim. Proc. arts. 36.14, 36.15. Properly preserved jury charge error requires reversal when the appellant suffers "some harm" to his rights. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Bargas v. State*, 252 S.W.3d 876, 899 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The jury charge in this case included the proper instruction for the limitations period under the New Statute, under which the limitations period was ten years following the complainant's eighteenth birthday.[2]

Appellant asserts that the first incident of aggravated sexual assault may have occurred while the Old Statute was in effect. D.S. testified the first incident occurred when he was "five or six years old" in "1987 [or] 1988."[3] If it occurred before September 1, 1987, the Old Statute would apply, and limitations would have barred prosecution for that offense. Because of this, appellant argues he was entitled to an instruction that the jury could not base a conviction on the earlier offense if they found it was barred by limitations. However, appellant did not request this instruction during trial. Appellant objected to the instruction on limitations in the charge and requested an instruction "that the statute at the time of this offense was ten years." Appellant did not specify that the first sexual assault offense may have been barred by limitations under the Old Statute.[4]

A trial judge errs in failing to submit a defensive instruction to the jury only "if the record indicate[s] that the trial judge actually understood appellant's request to

---

[2] D.S. testified at trial that he was 26 years old. Because he was not yet 28 years old, the prosecution was brought timely under the New Statute.

[3] D.S. testified on July 27, 2010 that he was 26 years old; therefore, he was born in 1983 or 1984. He would have been five years old in 1988 or 1989. In 1987, he was three or four years old.

[4] The State argues that appellant was indicted only for the last incident of aggravated sexual assault. But at trial, the State told the judge "[a]ll the contact between the Defendant and the complainant are [sic] in the charged instrument."

4

encompass the matters about which appellant . . . complains [on appeal]." *Bennett v. State*, 235 S.W.3d 241, 243 n.9 (Tex. Crim. App. 2007); *see also Jackson v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); 43B GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE & PROCEDURE § 54:7 (3d ed. 2011). "We do not require a trial judge to mull over all the evidence introduced at trial in order to determine whether a defendant's request for a jury instruction means more than it says." *Bennett*, 235 S.W.3d at 243. Accordingly, in deciding whether the trial court understood the request for an instruction, we must examine the record for statements by the trial court that reflect what its understanding was, the general theme of defense evidence, the defensive theories presented at the trial, and anything else that may shed light on whether the trial court understood the objection. *See Rogers v. State*, 105 S.W.3d 630, 640 (Tex. Crim. App. 2003); *see also Jackson*, 288 S.W.3d at 63. A trial court has no duty to instruct the jury on unrequested defensive issues, even when those issues are raised by the evidence. *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); *see also Jackson*, 288 S.W.3d at 63. Thus, generally no error exists in the charge when a defensive issue was not requested or otherwise brought to the court's attention. *Posey*, 966 S.W.2d at 61–62.

Appellant never asserted during trial that a different statute of limitations might apply to the earlier offense; he only asserted generally that the prosecution was barred by limitations.[5] Appellant also moved to quash the indictment before trial and at the close of evidence based on the same argument, but the trial judge never indicated she understood appellant's argument to be anything more than what appellant asserted before trial and during the charge conference. *See Rogers*, 105 S.W.3d at 640 (holding record did not show trial court understood appellant's request when appellant neither articulated exactly what he wanted nor explained or clarified request or objected after trial court denied request).

---

[5] It is undisputed on appeal that the last offense would have occurred within the limitations period and that the New Statute would apply.

Appellant asked the trial judge to quash the indictment "because, on the face of the indictment, it shows that the statute of limitations has passed . . . ." The indictment describes an offense "on or about November 15, 1990." That date is more than ten years before the indictment, but it is not before September 1, 1987. The trial judge reasonably may have concluded that appellant either was invoking the Old Statute or was unaware of the New Statute. Appellant similarly urged a directed verdict "based on the face of the indictment being—showing that the statute of limitations has run." We find appellant's defensive theory urged at trial to be different than the theory he now urges on appeal: that prosecution *for the earlier offense might be* barred by limitations under the Old Statute. *See Posey*, 966 S.W.2d at 61–62 (holding trial court has no duty to instruct jury on unrequested defensive issues raised for first time on appeal); *see also Rogers*, 105 S.W.3d at 639 ("[E]ven if appellant subjectively intended to ask for an instruction on voluntary conduct, the mere request for an instruction on 'accident,' without more, was not sufficient to alert the trial judge that he wanted an instruction on voluntary conduct."); *Bennett*, 235 S.W.3d at 243 & n.9 (finding no error in charge because appellant's complaint was insufficient to convey issue presented on appeal). Thus, the trial court did not err in omitting the appellant's unrequested instruction sought for the first time on appeal.[6]

We overrule appellant's first issue.

### *Lesser-Included Offense*

In his second issue, appellant argues that the trial court erred in refusing to submit the jury instruction on the lesser-included offense of indecency with a child by contact that appellant requested at the close of evidence. We disagree.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included-offense instruction. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App.

---

[6] Because we find no error in the charge, we need not conduct a harmless error analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Posey*, 966 S.W.2d at 60–61; *Rogers*, 105 S.W.3d at 640–41.

6

2007). The first step is to determine, as a matter of law, whether the indictment for the greater-inclusive offense alleged all of the elements of the lesser-included offense or alleged elements plus facts from which all of the elements of the lesser-included offense may be deduced. *Id*. at 535–36; *see also Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). We next determine whether evidence supported giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. Specifically, a defendant is entitled to an instruction on a lesser-included offense when the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense. *Id*. (citations omitted).

Indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). A person commits indecency with a child if, with intent to arouse or gratify the sexual desire of any person, he (1) engages in sexual contact with a child younger than 17 years old or causes the child to engage in sexual contact by touching, including touching through clothing, the anus, breast, or any part of the genitals of another person; (2) exposes his anus or genitals to the child; or (3) causes the child to expose his anus or genitals. Tex. Penal Code § 21.11(a).

The State charged appellant with aggravated sexual assault and concedes that indecency with a child is a lesser-included offense. Appellant specifically argues the evidence supports an instruction on indecency because D.S. testified the first incident involved appellant fondling his bottom, which the jury could have construed as an act of indecency by contact between appellant's hand and D.S.'s anus. Appellant asserts that the jury could have disbelieved the testimony of penetration and only believed the testimony establishing the first act of indecency. This initial act was separate and distinct from the later two acts involving penetration. Thus, as a separate act, it was not predicated on and could not be a lesser-included offense of the two acts of aggravated

7

sexual assault attested to by D.S.[7] *See Evans*, 299 S.W.3d at 143; *see also Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding separate charges of sexual assault of a child were proper because evidence indicated that two separate offenses took place).

To determine whether a lesser-included-offense instruction should have been included, we need to consider only whether there is some evidence that would permit a rational jury to find appellant guilty only of indecency with a child in relation to the charge of aggravated sexual assault. *See Hall*, 225 S.W.3d at 536. In making this determination, we bear in mind, "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Goad v. State*, No. PD–0435–11, 2011 WL 5375119, at *2 (Tex. Crim. App. Nov. 9, 2011). The only evidence adduced at trial germane to sexual assault was D.S.'s unequivocal testimony two incidents involved penetration. Appellant presented no evidence to the contrary, and there is no evidence in the record to suggest the acts involved only contact without penetration. Accordingly, the evidence does not support the conclusion that a rational jury could have determined appellant engaged in indecent contact but did not commit aggravated sexual assault. Thus, the evidence does not support the necessity of a lesser-included instruction regarding indecency with a child.

---

[7] As set forth above, the State argued at trial, "All the contact between the Defendant and the complainant are [sic] in the charged instrument," thus asserting that the indictment included all three incidents attested to by D.S. Two or more offenses may be joined in a single indictment if they arise out of the same criminal episode, but each offense must be stated in a separate count. Tex. Code Crim. Proc. art. 21.24(a); *see also* Tex. Penal Code § 3.01 (defining "criminal episode" as, inter alia, the commission of two or more offenses that "are the repeated commission of the same or similar offenses"); *Fowler v. State*, 240 S.W.3d 277, 280 (Tex. App.—Austin 2007, pet. ref'd). Here, D.S. testified to three separate incidents between himself and appellant, the first involving appellant fondling D.S.'s bottom through clothing with appellant's hand and the other two involving penetration. The indictment, however, alleges only one count that appellant "caused the anus of [D.S.] to contact the sexual organ of [appellant]." Thus, the evidence presented at trial of the first act—that appellant fondled D.S.'s bottom—does not match the allegation in the indictment. The indictment and evidence presented at trial did not allow for a conviction for the first act. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007) (holding trial court erred in entering judgment on counts not included in indictment or supported by evidence) ("Once the judge receives the jury's verdicts, he should perform the task of deciding what judgment is authorized by those verdicts in light of the controlling law, the indictment, and the evidence presented at trial.").

8

We overrule appellant's second issue.

## *Conclusion*

We overrule appellant's issues on appeal. The judgment of the trial court is affirmed.

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9