**AFFIRM as MODIFIED, and REVERSE and ACQUIT; Opinion Filed December 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00713-CR
No. 05-14-00714-CR
No. 05-14-00715-CR

**MICHAEL DAN ALLEN JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-81546-2013; 366-81547-2013; & 366-81548-2013**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Following a bench trial, Michael Dan Allen Johnson was convicted of aggravated kidnapping, possession/promotion of child pornography, and aggravated sexual assault of a child, all related to his conduct with a thirteen-year-old girl he met on the internet. The trial court assessed concurrent seven-year prison terms for the aggravated kidnapping and pornography offenses and then stacked a sixteen-year term for the aggravated sexual assault.

In all of the cases, appellant argues the trial court abused its discretion by failing to hold a hearing on his pro se motion to substitute counsel. In the aggravated kidnapping case, appellant argues he was convicted of "two counts" of aggravated kidnapping for a single offense in violation of the Double Jeopardy Clause. We conclude these issues are without merit. The State has requested us to modify the judgments in these appeals to conform with the proceedings

below. We modify the judgments as requested in Cause Nos. 05-14-00713-CR and 05-14-00714-CR and affirm the judgments as modified.

In the aggravated sexual assault case, appellant argues the evidence is legally insufficient to show Texas had jurisdiction over the offense because the acts were committed in the state of Colorado. The State concedes error in the aggravated sexual assault case. Having reviewed the record, we agree and sustain appellant's issue. Accordingly, we reverse the trial court's judgment in No. 05-14-00715-CR and render a judgment of acquittal.

Appellant and T.P. met over the internet while playing a game. T.P. told appellant she was thirteen years old although she was actually eleven at the time. Appellant, who lived in the state of Washington, was in his mid-30s. Over the next two years, appellant and T.P. exchanged phone numbers and began texting and calling each other. They talked about "sexual stuff" and sent each other nude photographs. At some point, T.P. lied to appellant and told him her father beat her and was going to sell her as a sex slave in Mexico.

So, in May 2013, appellant drove to Princeton, Texas, where T.P. lived, to "rescue" her. T.P. climbed out of her window, got in appellant's truck, and the two left for Washington. On the way, they stayed overnight in a motel in Colorado, where T.P. said they "had sex" one time. The next morning, appellant learned the police were looking for him in connection with T.P.'s disappearance. Appellant called the local police, who arrested him at the motel. Appellant gave a written statement saying he "loved" T.P. and admitted he "made love" to her while in Colorado.

We begin with appellant's complaint, raised in all three cases, that the trial court abused its discretion by failing to hold a hearing on his pro se motion to substitute counsel and by failing to grant the motion.

Appellant was indicted on July 9, 2013, and although the record does not show the precise date when counsel was appointed, it does establish appellant had counsel by September 5. That same month, the trial court granted a motion for a psychiatric evaluation of appellant and appointed a psychologist. On October 24, a sealed evaluation was tendered to the court.

On November 12, 2013, appellant filed a handwritten "Motion to Substitute Counsel Pursuant to Article 26.04." In the motion, appellant asked the trial court to remove court-appointed counsel because (1) all communications had broken down, (2) and counsel had "refused to [a]ssist the defendant as required" by the Sixth and Fourteenth Amendments and article 26.04. Appellant asked the court to hold a hearing and then "appoint other counsel that will be willing to [assist] the defendant in the charges against him . . . ." The record does not reflect the motion was ever brought to the trial court's attention, and no hearing was held on the motion.

Five months later, on April 3, 2014, appellant appeared at a pretrial hearing and acknowledged he was electing to waive his right to a jury trial and have the case heard by the judge. Appellant was sworn in, and the trial judge questioned him to ensure his wavier was knowing and voluntary. When asked if he understood the case was set for a jury trial the following Monday, appellant responded, "Yeah. I been going over that with my attorney. He's been trying to explain everything to me, because I never been in trouble before." At no point did appellant alert the trial judge to his motion to substitute counsel or otherwise express any dissatisfaction with court-appointed counsel.

A defendant dissatisfied with his attorney has the burden of bringing his complaint to the trial court's attention. *See Malcolm v. State*, 628 S.W.2d 790, 791–92 (Tex. Crim. App. [Panel Op.] 1982); *Llamas v. State*, 270 S.W.3d 274, 277 (Tex. App.—Amarillo 2008, no pet.) ("We can find no support in the record for the proposition that the motion to dismiss appointed counsel

was ever brought to the trial court's attention . . . . As such, the same has not been preserved for appeal.").

Although appellant's motion requested a hearing, there is nothing in the record to indicate appellant ever brought the motion to the trial court's attention. Further, when appellant appeared before the trial court, he never mentioned the motion or expressed any dissatisfaction with court-appointed counsel. Because appellant failed to alert the trial court to the motion, we cannot conclude the trial court abused its discretion by failing to hear or grant the motion. *See Bowen v. State*, No. 02-11-00491-CR, 2013 WL 3874760, at *3 (Tex. App.—Fort Worth July 24, 3013, no pet.) (although appellant's pro se motion to substitute counsel prayed for a hearing, nothing in record indicated appellant presented motion to trial court or attempted to set it for hearing). We overrule the issue.

We next address appellant's double jeopardy complaint raised in the aggravated kidnapping case. Appellant argues he was convicted of two counts of aggravated kidnapping for a single offense. He asks that we "remove the guilty finding" as to one of the counts and remand the case for a new punishment hearing since his sentence stemmed from an "illegal guilty finding as to two counts of the same offense." The State responds the indictment mislabeled "paragraphs" as "counts" and alleges only a single offense. We agree with the State.

The indictment alleged appellant, did then and there

### COUNT I

intentionally and knowingly abduct [T.P.] with the intent to violate or abuse her sexually;

### COUNT II

intentionally and knowingly abduct [T.P.] with the intent to commit a felony[.]

At arraignment, the trial court stated appellant was "charged with the first degree felony offense of aggravated kidnapping," the third-degree felony offense of possession of child

–4–

pornography, and the first-degree felony of aggravated sexual assault of a child. After hearing the evidence, the trial court found appellant "guilty of each indictment before the Court." At sentencing, the trial court assessed appellant's punishment at seven years on "the aggravated kidnapping," seven years on the pornography charge, and sixteen years on the aggravated sexual assault of a child. The court then ordered the "two seven-year sentences" to run concurrently.

The sole judgment for aggravated kidnapping states the cause number and "Count I & II" at the top. The body of the judgment provides aggravated kidnapping as the "Offense for which Defendant Convicted" and the punishment as "SEVEN (7) YEARS INSTITUTIONAL DIVISION, TDCJ."

The two basic elements of aggravated kidnapping are (1) intentionally and knowingly abducting another person, and (2) the commission of an aggravating factor. *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). A kidnapping is aggravated when the abduction is committed with the specific intent to accomplish one of six purposes, or the person uses or exhibits a deadly weapon during the offense. TEX. PENAL CODE ANN. § 20.04(a)(1–6), (b) (West 2011) *Laster*, 275 S.W.3d at 521. One such purpose is to facilitate the commission of a felony. TEX. PENAL CODE ANN. § 20.04(a)(3). The State may prosecute a person for each victim kidnapped, not for the number of aggravating factors that may be present. *Gonzales v. State*, 270 S.W.3d 282, 288 (Tex. App.—Amarillo 2008, pet. ref'd) (op. on reh'g). The State may, however, plead alternate aggravating factors as they are merely different manner or means of committing the single offense of aggravated kidnapping. *See id*. ("In this case, the State alleged one victim and has sought only a single conviction for the offense of aggravated kidnapping, regardless of the number of aggravating factors alleged in Count I.")

As a general rule, a "count" charges an offense and a "paragraph" is that portion of a count which alleges the method of committing the offense. *See Martinez v. State*, 225 S.W.3d

550, 554 (Tex. Crim. App. 2007); *Fowler v. State*, 240 S.W.3d 277, 280 (Tex. App.—Austin 2007, pet. ref'd). However, the substance of the allegation determines its character as a "count" or a "paragraph," not the terminology used. *Owens v. State*, 96 S.W.3d 668, 673 (Tex. App.—Austin 2003, no pet.).

It is clear the substance of the indictment alleges alternate aggravating factors (intent to commit a felony and intent to commit sexual abuse), rather than two separate offenses. Further, the record shows the trial judge treated the indictment as charging only a single offense as shown by his statements at arraignment, conviction, and sentencing. At no time did the judge reference two separate kidnapping charges; rather, he referred to a single offense. Because we conclude appellant was convicted of a single offense of aggravated kidnapping, his double jeopardy complaint is without merit.

In the aggravated sexual assault of a child case, appellant argues the evidence is legally insufficient to show territorial jurisdiction over the offense because the act occurred in Colorado. Although the State prosecuted this case to conviction, it now concedes error.

Texas has territorial jurisdiction over an offense if "either the conduct or a result that is an element of the offense occurs inside this state." TEX. PENAL CODE ANN. § 1.04(a); *Rodriguez v. State*, 146 S.W.3d 674, 675 (Tex. Crim. App. 2004).

Appellant was charged with and convicted of aggravated sexual assault of a child for "intentionally and knowingly caus[ing] the female sexual organ of [T.P.], a child younger than fourteen (14) years of age . . . to contact the sexual organ of the defendant[.]" The evidence showed appellant sexually assaulted T.P. in a Colorado motel. The State concedes that none of the elements of the offense occurred in Texas and thus the evidence failed to establish territorial jurisdiction. After reviewing the record, we agree with the State and sustain appellant's issue.

Finally, the State asks that we modify the judgments in the aggravated kidnapping and pornography cases. With respect to both judgments, the State asks that we add clarifying language to specify that the sentences run concurrently with each other. Additionally, the State asks that we modify the aggravated kidnapping judgment to accurately reflect a single count. This Court has the authority to correct the judgments of the Court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

We reverse the trial court's judgment in Cause No. 05-14-00715-CR (aggravated sexual assault of a child) and render a judgment of acquittal. We modify the trial court's judgments as requested in Cause Nos. 05-14-00713-CR (aggravated kidnapping) and 05-14-00714-CR (possession/promotion of child pornography) and affirm as modified.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140713F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DAN ALLEN JOHNSON,
Appellant

No. 05-14-00713-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-81546-2013.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> To delete the reference to "Count 1 & II" at the top of the judgment and replace it with "Count Single."
> To add the following highlighted clarifying language: "This sentence shall run concurrently *with the possession/promotion of child pornography conviction*."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of December, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL DAN ALLEN JOHNSON,
Appellant

No. 05-14-00714-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-81547-2013.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To add the following highlighted clarifying language: "This sentence shall run concurrently *with the aggravated kidnapping conviction.*"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of December, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DAN ALLEN JOHNSON, Appellant

No. 05-14-00715-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81548-2013.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 29th day of December, 2015.