**James Ray JACKSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–08–00139–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 12, 2009.

Discretionary Review Refused July 1, 2009.

Joseph Salhab, Cornelius & Salhab, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant was charged with aggravated assault against a public servant. *See* TEX. PEN.CODE ANN. § 22.02(b)(2)(B) (Vernon Supp.2008). A jury convicted appellant of the lesser included offense of aggravated assault. *Id.* at § 22.02(a)(2). After finding two enhancement paragraphs true, the trial court assessed punishment at 40 years in prison. In two points of error, appellant contends that: (1) the trial court erred in failing to instruct the jury on the right to use deadly force to prevent imminent commission of murder, robbery, or aggravated robbery; and (2) the trial court's written judgment of conviction erroneously states that he was convicted of aggravated assault against a public servant. We reform the judgment to reflect the correct offense and degree of offense and affirm.

## Background

Police officers arrested appellant on August 2, 2006 while executing a search warrant as part of a narcotics investigation. The point man on the raid squad, Houston Police Department Sergeant Richard Hahn, testified that, after the team made their entry, he proceeded down a hallway, where he saw appellant "standing in a crouched position holding a long-barreled firearm," which turned out to be a shotgun. Sergeant Hahn further testified that, as he yelled at appellant, " 'Drop the weapon, Police, drop the weapon,' " appellant "began raising it to shoulder the weapon." Sergeant Hahn, thinking that he was about to get shot, fired his own weapon at appellant.

At trial, counsel for appellant requested a jury instruction on "self-defense." In response, the trial court instructed the jury to find appellant not guilty if it found that he reasonably believed deadly force was immediately necessary to defend against Hahn's use or attempted use of unlawful deadly force. Appellant was satisfied with the revised charge, making no further objections or requests.

## Deadly Force

In his first point of error, appellant contends that the trial court erred in failing to instruct the jury on his right to use deadly force to prevent the imminent commission of murder, robbery, or aggravated robbery.

### A. Applicable Law for Deadly Force

The defensive theory of deadly force in defense of one's person may be established in two alternative ways. First, a person is justified in using deadly force against another when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force, if the actor would be justified in using force under Section 9.31 of the Texas Penal Code ("the self-defense statute") and a reasonable person in the actor's situation would not have retreated. Second, a person is justified in using deadly force against another when and to the degree he reasonably believes the deadly force is immediately necessary to prevent the other's imminent commission of murder, robbery, or aggravated robbery, among other crimes, if the actor would be justified in using force under the self-defense statute and a reasonable person in the actor's situation would not have retreated. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 235, § 1, sec. 9.32, 1995 Tex. Gen. Laws 2141, 2141 (amended 2007) (current version at TEX. PEN.CODE ANN. § 9.32 (Vernon Supp.2008)).[1]

---

1. The deadly force statute was amended in 2007. The acts for which appellant was

The trial court charged the jury on the first alternative but not the second.

## B. Preservation of Error

 When evidence from any source raises a defensive issue and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.1993). However, there is no duty imposed on a trial court to instruct the jury on unrequested defensive issues, even when the issues are raised by the evidence. *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex.Crim.App.2008); *Posey v. State*, 966 S.W.2d 57, 62–63 (Tex. Crim.App.1998).

 A defendant preserves error if the requested charge is specific enough to put the trial court on notice of the omission or error in the charge, and the requested charge need not be "in perfect form" but only sufficient enough to bring the request to the trial court's attention. *Chapman v. State*, 921 S.W.2d 694, 695 (Tex.Crim.App.1996). " 'Magic words' are not required; a complaint will be preserved if the substance of the complaint is conveyed to the trial judge." *Bennett v. State*, 235 S.W.3d 241, 243 (Tex.Crim.App. 2007). An imperfect objection is sufficient to preserve error "if the record indicate[s] that the trial judge understood appellant's request to encompass the matters about which appellant now complains." *Id.* at n. 9 (citation omitted). In deciding whether the trial court understood the request for an instruction, we must examine the record for statements by the trial court that reflect what its understanding was, the general theme of the defense evidence, the various defensive theories presented at the trial, and anything else that may shed light on whether the trial court understood the

objection. *Rogers v. State*, 105 S.W.3d 630, 632–41 (Tex.Crim.App.2003).

Here, appellant requested the defensive issue of "self-defense," which the trial court understood was a request for a deadly force instruction requiring acquittal if the jury reasonably believed that deadly force was immediately necessary to defend against Hahn's use or attempted use of unlawful deadly force. Appellant challenges the trial court's charge by asserting that the court should have made further inferences from his request for a "self-defense" instruction. Appellant specifically complains that the trial court's charge failed to include the alternative instruction that allows a defendant to use deadly force that is immediately necessary to prevent the other's imminent commission of murder, robbery, or aggravated robbery.

This court recently dealt with a similar issue in *Carmen v. State*, 276 S.W.3d 538 (Tex.App.-Houston [1st Dist.] Nov. 20, 2008, no pet. h.). In *Carmen*, we held that a defendant on trial for murder preserved his appellate challenge concerning the trial court's failure to include a jury instruction on deadly force in defense of one's person by objecting to the trial court's failure to include an instruction on "self-defense." We stated:

> [I]t is implausible to believe that the trial court did not understand that appellant was asking for a defensive instruction of deadly force in defense of one's self since that was the only defense mentioned during voir dire, it was the only defense mentioned in appellant's testimony, and it was the only defense appellant could have been referring to since he was charged with murder with a firearm, which is per se a deadly weapon. . . . [T]he situation here is an imperfectly requested defensive instruction that, under the circumstances

charged took place before September 1, 2007, the effective date of the amendments.

shown in the record, could only have been interpreted to mean a request for what is informally called self-defense with a deadly weapon or deadly force, which is formally called deadly force in defense of one's person.

*Id.* at 544.

The instant case does not present the situation discussed in *Carmen.* Appellant made no opening statement and presented no witnesses. During voir dire, counsel for appellant stated that "if you honestly believe and it's a reasonable belief that your life is in danger, you can certainly use deadly force if you feel that it's—you may be the victim of serious bodily injury or death" and said nothing more about defensive theories. The "serious bodily injury or death" language is not contained in either the self-defense or deadly force statutes. Defense counsel did not unequivocally mention the second alternative contained in the deadly force statute until after the court's charge was read to the jury, during closing argument, when he said: "Could he have thought that it was, in fact and indeed, some robbery by other folks in the neighborhood?" Appellant, unlike the defendant in *Carmen,* "failed to place the trial judge on notice" in any way that he wanted the omitted instruction. *See Bennett,* 235 S.W.3d at 243.

Examining the record, we find nothing indicating that the trial court understood that appellant's request for "self-defense" meant a request for the charge of deadly force to prevent the commission of murder, robbery and aggravated robbery. Further, appellant concedes, and the record reflects, that he did not object to the omission of the specific desired deadly force instruction or request its inclusion in the charge.[2] We hold that appellant waived error and accordingly overrule appellant's first point of error.

## Incorrect Judgment

■ In his second point of error, appellant contends that the trial court's written judgment of conviction erroneously states that he was convicted of aggravated assault against a public servant. The State concedes that the judgment lists the wrong offense and degree of offense.

An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Nolan v. State,* 39 S.W.3d 697, 698 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (citing *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd)); *see also* TEX.R.APP. P. 43.2(b). The record shows that the jury found appellant guilty of aggravated assault, a second-degree felony. However, the judgment signed by the trial court states that appellant was convicted of "aggravated assault against pb servant" and a "1st degree felony." We sustain appellant's second point of error and, accordingly, reform the trial court's judgment to reflect that appellant was convicted of aggravated assault, a second-degree felony.

## Conclusion

We affirm the judgment of the trial court as reformed herein.

---

**2.** Appellant contends that the holding of the Court of Criminal Appeals in *Barrera v. State* eliminates the need to make a proper objection or request under these circumstances. *See* 982 S.W.2d 415 (Tex.Crim.App.1998). We disagree. The trial court in *Barrera* included an abstract self-defense instruction in the charge but failed to instruct the jury to acquit if they held a reasonable doubt on self-defense. *Barrera* is inapplicable because appellant asserts no challenge to the phrasing of the instruction allowing acquittal for deadly force to defend against use or attempted use of deadly force.