

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-13-00295-CR

DANNY MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-439,282, Honorable Bradley S. Underwood, Presiding

April 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Through one issue, appellant Danny Martinez challenges his conviction for first degree murder.[1]  He argues, and the State concedes, that the trial court's written judgment incorrectly reflects his conviction for first degree murder, rather than second degree murder.  We will reform the judgment, and affirm it as reformed.

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011).

Background

In July 2013, appellant was charged with murder and felony murder via indictment. Prior to trial, the State elected to try appellant for the offense of felony murder.[2] In August 2013, the matter went to trial before a jury and appellant was convicted of felony murder as charged in the indictment.

After the presentation of evidence in the punishment phase of trial, the trial court submitted a charge to the jury that included a special issue asking, "Do you, the Jury, find by a preponderance of the evidence that the defendant caused the death of Eddie Moreno under the immediate influence of sudden passion arising from an adequate cause?" The jury answered "We do," indicating that the jury determined by a preponderance of the evidence appellant caused the death of Eddie Moreno under the immediate influence of sudden passion arising from an adequate cause. The jury assessed punishment at eighteen years of imprisonment.

The written judgment of conviction in the record states appellant was convicted of the first degree felony offense of murder. It is this judgment from which appellant now appeals.

---

[2] TEX. PENAL CODE ANN. 19.02(b)(3) (West 2011) (providing that a person commits an offense if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.).

Analysis

Murder is a first degree felony. TEX. PENAL CODE ANN. § 19.02(c) (West 2011). At the punishment phase of trial, a defendant may seek to reduce punishment to that of a second degree felony by proving that he caused the death under immediate influence of sudden passion with adequate cause. If the defendant affirmatively proves sudden passion by a preponderance of the evidence, the offense is a second degree felony. TEX. PENAL CODE ANN. § 19.02(d) (West 2011).

Here, appellant raised the issue of sudden passion and, as noted, the trial court included a special issue in its charge to the jury. The jury answered in the affirmative on the special issue. The record thus affirmatively shows the jury convicted appellant of the offense of murder in the second degree, pursuant to sections 19.02(c)[3] and (d) of the Penal Code, not murder in the first degree as stated in the written judgment of conviction.

Having reviewed the record, we agree with the parties that the trial court's judgment inaccurately stated appellant was convicted of first degree murder. An appellate court has authority to reform a judgment to make the record speak the truth when the matter has been called to its attention. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Because the record supports appellant's contention on appeal, we will reform the trial court's judgment as requested by appellant and the

---

[3] Section 19.02(c) provides, "Except as provided by Subsection (d), an offense under this section is a felony of the first degree." TEX. PENAL CODE ANN. § 19.02(c) (West 2012).

State. *See* TEX. R. APP. P. 43.2(b); *Jackson v. State,* 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (reforming judgment to reflect appellant had been found guilty of aggravated assault, a second-degree felony, rather than aggravated assault of a public servant, a first-degree felony).

Accordingly, we sustain appellant's issue, and reform the trial court's judgment of conviction by deleting the language reflecting a conviction for first degree murder, and stating instead that appellant was convicted of murder in the second degree. As reformed, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.