

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-13-00371-CR

_____

**ROBERT JOSEPH GRYGAR,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

_____

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,023

_____

## MEMORANDUM  OPINION

_____

After Appellant Robert Joseph Grygar was charged by indictment with five counts of aggravated assault (deadly weapon), he pleaded "no contest" and entered into a plea bargain that led to the trial court's order of deferred adjudication.  Grygar was placed on community supervision for a term of ten years.

A little over a year later, the State filed an application to proceed to final adjudication.  It alleged six violations by Grygar of his conditions for community

supervision. At the hearing on the State's application, Grygar pleaded "not true" to the six alleged violations. The trial court found all six violations to be true and sentenced Grygar to twelve years' imprisonment on each count, to be served concurrently. Raising one issue with three sub-issues, Grygar appeals. We will affirm.

In his first and second sub-issues, Grygar asserts that the evidence is insufficient to support the trial court's findings of true and that the trial court should have found the allegations to be not true. We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). The "trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id.* The State is required to show only a single violation to support the trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).

We have previously held that sufficiency points are not independent grounds of error in an appeal of a probation revocation order, but are incorporated into a determination of whether the trial court abused its discretion. *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). When the sufficiency of the evidence to support the trial court's order is challenged, we review the evidence in the light most favorable to the trial court's findings. *Id.*

The State's first allegation was that Grygar violated a community-supervision condition that he commit no offense against the State and that he did so by committing the offense of driving while intoxicated on October 1, 2012 in Ellis County. Margie Jeffcoat testified that she lived in rural Ellis County, and on October 1, 2012, around 5:00 p.m., she found a white, flatbed pickup truck blocking her driveway and the road while she was driving to Waxahachie. She got out to investigate and found a man (Grygar) slumped over in the cab. She also observed a carton for what she said was a 12-pack or 18-pack of beer. Jeffcoat called 9-1-1. Based on an earlier trip, she estimated that the truck had been there for forty-five minutes to an hour. She parked and waited for police to arrive, and she observed police have to get Grygar out of the truck and help him to sit on the rear bumper because he was unable to stand. Jeffcoat said that Grygar fell off the bumper while she was watching.

Albert Partington, a Waxahachie police officer, testified that he responded to the call and found Grygar in the truck's driver's seat. He said that Grygar was just waking up and had a strong odor of an alcoholic beverage. Grygar had red, bloodshot eyes and slurred speech, his physical factors were sluggish, and he seemed disoriented. On the video of the stop, Partington asked Grygar how long he had been pulled over, and Grygar responded that it was about an hour. Partington then asked Grygar if he had drank anything after he pulled over, and he said no. Partington then asked, "So everything you drank was before you drove earlier?" Grygar answered in the affirmative. He then said on the video that he had drunk nothing that day. On the

video of the stop, another officer asked Grygar if the beer in the truck was from last night, and Grygar nodded in the affirmative.

The video shows Grygar taking a portable breath test, and the officer remarked that it was "15, twice the legal limit." The officer took a 30-pack beer carton and three unopened beer cans out of the truck. There were not any empty beer cans in the truck. Grygar was arrested for DWI and consented to giving a blood sample after being read the statutory warning. Partington also performed an HGN test on Grygar, and he showed all six clues. While being transported, Grygar, in answer to Partington's questions, said on the video that he was driving from Corsicana to Maypearl and that he "did all the drinking before."

Kathy Meza, a nurse, testified that she took a blood sample from Grygar at 5:50 p.m. She said that Grygar was cooperative and seemed coherent in his interactions with her. Andrew Macey, a DPS forensic scientist, testified that he performed an analysis on Grygar's blood sample and determined that the blood-alcohol content was 0.201 (grams of alcohol per 100 milliliters of blood), which is about two and a half times the legal limit. The lab report was admitted into evidence.

Shannon Fant, community-supervision officer, testified that she met with Grygar on March 7, 2013 at an administrative hearing and that he admitted to her that he had used alcohol on October 1.

Grygar testified. He said that on the day in question, he was cleaning out a house in Navarro County that involved the removal of barrels of chemicals that had been left on the property by a trucking company. The name on a barrel was

trichlorofluoromethane. He denied drinking alcohol that day and said that he had found the beer that was in his truck at the property he was cleaning up that day; the beer was in the refrigerator and he took it to give to friends who drink beer. He said he had eaten very little that day and was dehydrated after working that day. He also said that he took a lid off of one of the barrels and fluid sprayed on him from built-up pressure in the barrel. The fluid smelled like alcohol to Grygar. Grygar loaded the barrels on his truck to dispose of them. He said that he later learned that the chemicals in the barrel that sprayed him could cause a person to be "drunk."

Grygar testified that on his drive home, he began to feel bad and pulled over. He said he had a bad headache and felt like he had quickly gotten "drunk" from the chemicals. He immediately fell asleep. Regarding Fant's testimony that Grygar told her that he had been drinking on October 1, Grygar said that he told her he had been drinking, but he meant that he had been drinking coffee and water, not alcohol. On cross-examination, Grygar again denied drinking alcohol that day but admitted to drinking a beer the day before. He also admitted that he was an alcoholic.

Viewing the evidence in the light most favorable to the trial court's findings, and deferring to the trial court's role as the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony, we find that the trial court did not abuse its discretion in finding sufficient evidence of a violation of Grygar's condition of community supervision by his commission of the offense of driving while intoxicated. Because only a single violation is required to support the trial court's revocation order, *Smith,* 286 S.W.3d at 342, we need not review the evidence on the

other five violations.  Grygar's first and second sub-issues are overruled.  We need not address the part of his third sub-issue that pertains to the disposition if we were to find the evidence insufficient.

The other part of Grygar's third sub-issue contends that the judgment adjudicating guilt is erroneous because it reflects that Grygar pleaded true to the motion to adjudicate when he pleaded not true.  Grygar's contention is correct; accordingly, we sustain Grygar's third sub-issue in part and modify the trial court's judgment adjudicating guilt to reflect that Grygar pleaded "NOT TRUE" to the motion to adjudicate.  *See* TEX. R. APP. P. 43.2(b); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

As modified, the judgment adjudicating guilt is affirmed.


                                        REX D. DAVIS
                                        Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed August 28, 2014
Do not publish
[CR25]