# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00420-CR

**Karra Trichele Allen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 42765, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Karra Trichele Allen guilty of murder for fatally shooting her husband. *See* Tex. Penal Code § 19.02(b)(1). The jury assessed punishment at life in prison, and the trial court rendered judgment consistent with the jury's verdicts. In four issues, Allen contends that the trial court submitted erroneous self-defense instructions to the jury. We will affirm the trial court's judgment of conviction.

### STANDARD OF REVIEW

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). In this case, Allen did not object to the trial court's self-defense

instructions. Therefore, any jury-charge error the trial court may have committed "will not result in reversal of the conviction without a showing of egregious harm." *See Price*, 457 S.W.3d at 440.

The trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. art. 36.14; *Grisham v. State*, No. 03-14-00137-CR, 2017 WL 1130371, at *6 (Tex. App.—Austin Mar. 23, 2017, no pet. h.) (mem. op., not designated for publication). In fulfilling that duty, the trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence and requested by the defendant. *See Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). However, a trial court is not required to sua sponte instruct the jury on a defensive issue that the defendant does not request, and a defendant may forfeit a defensive issue by not preserving it at trial. *See Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013) ("*Almanza*, however, does not apply to defensive issues, which may be forfeited if not preserved at trial."); *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013) ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint.") (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)); *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008) ("The principle in *Posey* is that no rule or statute requires the trial judge to give instructions on traditional defenses and defensive theories absent a defendant's request.").

"A defendant preserves error if the requested charge is specific enough to put the trial court on notice of the omission or error in the charge, and the requested charge need not be 'in perfect form' but only sufficient enough to bring the request to the trial court's attention." *Jackson*

*v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (quoting *Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996)). "In deciding whether the trial court understood the request for an instruction, we must examine the record for statements by the trial court that reflect what its understanding was, the general theme of the defense evidence, the various defensive theories presented at the trial, and anything else that may shed light on whether the trial court understood the objection." *Id.*

## DISCUSSION

### Issues 1 and 2: Omissions from the Self-Defense Instructions

In her first two appellate issues, Allen contends that she was egregiously harmed by the trial court's omission of statutory language from the self-defense jury instructions, including omission of "the presumption of reasonableness." Allen argues that "[l]arge portions of the written statutes are omitted." In particular, Allen complains that the jury charge omits the language contained in Texas Penal Code section 9.32(b), which states that a person's use of deadly force is presumed to be reasonable if the person knew or had reason to believe that "the person against whom the deadly force was used" was committing or attempting to commit one of several enumerated acts, as well as the language contained in section 9.32(a)(2), which provides certain justifications for the use of deadly force. According to Allen, "the charge does not ask the jury to decide whether, in light of the circumstances of the case, [she] was entitled to the presumption of reasonableness as to her belief the use of deadly force was immediately necessary."

In the Penal Code, self-defense is not a single issue but rather a constellation of issues dealing with the justification of the use of force. *See generally* Tex. Penal Code §§ 9.31, 9.32.

3

Therefore, if the defendant requests an instruction on one self-defense issue, the trial court is not obligated to include every possible self-defense instruction in the jury charge. Rather, to preserve for appellate review a complaint that the trial court did not instruct the jury on a particular self-defense issue, the defendant must request the instruction and object to the omission of the instruction; otherwise, the issue is forfeited. *See Barrios v. State*, 389 S.W.3d 382, 395 n.16 (Tex. App.—Texarkana 2012, pet. ref'd) (noting that "[a] general objection that the charge fails to charge the jury on the issue of self-defense does not preserve error absent a written instruction or dictation as to the instruction sought" because "a self-defense instruction could refer to instruction under Section 9.31, 9.32, or 9.33, all of which have several options or theories available which could be submitted to the jury"); *id.* ("Texas courts have held that, absent a written instruction or dictation, a general request does not specify the particular instruction desired because a trial court may be left wondering what sections or subsections to apply."); *Payne v. State*, No. 05-11-00871-CR, 2012 WL 4801520, at *8 (Tex. App.—Dallas Oct. 10, 2012, pet. ref'd) (mem. op., not designated for publication) ("We first address whether Payne requested a 'mere presence' instruction in the self-defense part of the charge. Payne argues he did. The record establishes the contrary . . . . A request must be sufficient to call the trial court's attention to the omission in the charge."); *Navarro v. State*, No. 01-11-00139-CR, 2012 WL 3776372, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, pet. ref'd) (mem. op., not designated for publication) ("Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury. Thus, generally no error exists in the charge when a defensive issue was not requested or otherwise brought to the court's attention.") (citations and internal quotation marks omitted); *id.* (noting that "at the charge

4

conference, appellant's counsel stated that he had 'no objection' to the trial court's charge" and that "there is nothing in the record to indicate that appellant proffered a jury charge containing an instruction for self-defense against multiple assailants or the right to defend a third party against multiple assailants" and concluding, "because there is nothing in the record indicating that appellant requested a jury charge on multiple assailants, we hold that no error exists in the trial court's charge to the jury"); *Hargrove v. State*, No. 05-11-00307-CR, 2012 WL 3553501, at *7 (Tex. App.—Dallas Aug. 20, 2012, pet. ref'd) (not designated for publication) ("[A]ppellant contends the trial court failed to instruct the jury under various subsections of penal code section 9.32, which concerns deadly force used in self-defense. He specifically complains about the trial court's failure to instruct the jury on . . . the presumption of reasonable belief as set forth in subsection (b) . . . .") (citation omitted); *id.* ("The record here suggests nothing to indicate appellant requested an instruction under the complained-of subsections. When the trial court asked at the conclusion of the charge conference if there was anything else for the record, appellant's counsel stated 'No, ma'am.' Consequently, appellant did not preserve these points for our review."); *Davis v. State*, No. 05-10-00732-CR, 2011 WL 3528256, at *10 (Tex. App.—Dallas Aug. 12, 2011, pet. ref'd) (not designated for publication) ("There is nothing in the record to indicate that appellant requested an instruction under either section 9.32(a)(2)(B) or section 9.32(b). And when the trial court asked whether appellant had any objections to the charge, he stated, 'No, Your Honor.' Consequently, appellant did not preserve this issue for our review."); *Hall v. State*, No. 05-09-01368-CR, 2011 WL 1348635, at *5 (Tex. App.—Dallas Apr. 11, 2011, pet. ref'd) (mem. op., not designated for publication) ("In his fourth issue, appellant argues the trial court erred by failing to instruct the jury that a person is justified in using deadly force against another to prevent the other's imminent

commission of murder."); *id.* ("Although the trial court charged the jury on the law of self-defense under section 9.32(a)(1)(2)(A) of the penal code, appellant argues he was entitled to an instruction under the independent theory of self-defense set forth in section 9.32(a)(1)(2)(B)."); *id.* ("However, when the trial court asked the parties whether there were any objections or requests for additions to the charge, appellant's counsel responded: 'None from the Defense.'"); *Jackson*, 288 S.W.3d at 64 ("Examining the record, we find nothing indicating that the trial court understood that appellant's request for 'self-defense' meant a request for the charge of deadly force to prevent the commission of murder, robbery and aggravated robbery."); *id.* ("[A]ppellant concedes, and the record reflects, that he did not object to the omission of the specific desired deadly force instruction or request its inclusion in the charge. We hold that appellant waived error . . . .") (footnote omitted); *see also Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) ("Defensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury. Because appellant failed to place the trial judge on notice that she wanted an instruction on defense of a third person, the trial judge did not err in failing to submit such an instruction.") (footnote omitted); *Brewer v. State*, No. 03-10-00076-CR, 2014 WL 709549, at *13 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op., not designated for publication) ("While 'magic words' are not required, the substance of a requested instruction must be conveyed to the trial judge. A requested instruction need not be 'in perfect form' but must be specific enough to put the trial court on notice of the omission or error in the charge.") (citations omitted).

Here, nothing in the record before us demonstrates that Allen specifically requested the self-defense instructions about whose omission she now complains. On the contrary, at the charge conference, Allen's attorney stated, "Judge, I think we're in agreement to the instructions of the

6

Court except for [an unrelated instruction]." The following day, the trial court asked, "[B]riefly I just want to confirm there are no other objections or requested changes to the charge or instructions; is that right?" Allen's attorney answered, "That's correct, Judge." Moreover, during closing argument, Allen's attorney quoted from the self-defense instructions included in the jury charge and never referred to other self-defense issues.

Because the record before us does not indicate that Allen requested additional jury instructions on self-defense issues beyond those included in the charge, we conclude that the trial court did not err in failing to instruct the jury on those issues and that Allen has forfeited those issues. Accordingly, we overrule her first two appellate issues.

## Issue 3: Extra-Statutory Language

In her third appellate issue, Allen contends that the trial court's instruction to the jury concerning self-defense and provocation constituted "a prohibited comment on the weight of the evidence" and that this error caused her egregious harm.

The Penal Codes states that "[t]he use of force against another is not justified . . . in response to verbal provocation alone." Tex. Penal Code § 9.31(b)(1). The trial court instructed the jury, "Self-defense does not cover conduct in response to verbal provocation alone. The defendant must have reasonably believed the other person had done more than verbally provoke the defendant." We conclude that the trial court's instruction is substantially similar to the statute. Both the statute and the instruction communicate the same thing—that verbal provocation alone does not justify the use of force. Allen has not cited to any authority, and we are not aware of any, requiring that a trial court's instructions quote the Penal Code verbatim. *See* Tex. Code Crim. Proc. art. 36.14 (providing

7

that trial court shall "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"); *Yates v. State*, No. 02-14-00516-CR, 2015 WL 4154168, at *4 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication) (holding trial court's jury instruction was not erroneous even though instruction "did not quote verbatim the penal code language"); *Mendoza v. State*, No. 07-98-0334-CR, 1999 WL 713803, at *3 (Tex. App.—Amarillo Sept. 14, 1999, pet. ref'd) (not designated for publication) ("Even though paragraph four of the charge is not a verbatim recitation of . . . the Penal Code, it is a correct statement of the law. Therefore, the trial court did not err in including the statement in the charge.") (citation omitted). Because the trial court's instruction on verbal provocation correctly expresses the law as provided in the Penal Code, we conclude that the trial court did not err in including this instruction. Accordingly, we overrule Allen's third appellate issue.

**Issue 4: Cumulative Error**

In her fourth and final appellate issue, Allen contends that "[t]he cumulative effect of the numerous errors in the jury instructions has resulted in a constitutional due process violation because Appellant was denied the right to have a legal defense accurately presented to the jury." Because we have concluded that Allen has not preserved her first two issues and that she has failed to show error by her third issue, we cannot conclude that cumulative errors have deprived her of constitutional due process. Accordingly, we overrule Allen's fourth appellate issue.

**CONCLUSION**

We affirm the trial court's judgment of conviction.

8

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   May 2, 2017

Do Not Publish

9