

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00180-CR

EMIL COFFEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-15-203099

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After Emil Coffey, Jr., shot and killed his brother-in-law, Warren Neal, and beat Warren's wife, Vanessa, a Travis County[1] jury found Coffey guilty of Warren's murder[2] and of the aggravated assault[3] of Vanessa. The jury assessed punishment of thirty years' imprisonment on the murder conviction and twenty years' imprisonment on the aggravated assault conviction. In this appeal, Coffey challenges his murder conviction[4] and contends that the trial court erred (1) in not including a jury instruction on self-defense in its jury charge on guilt/innocence and (2) in not including a jury instruction on sudden passion in its jury charge on punishment. Since we find no error, we affirm the trial court's judgment.

## I.    Standard of Review

Appellate review of an alleged jury charge error involves a two-step inquiry. *Newkirk v. State*, 506 S.W.3d 188, 190 (Tex. App.—Texarkana 2016, no pet.); *Russell v. State*, No. 03-12-00440-CR, 2014 WL 1572473, at *3 (Tex. App.—Austin Apr. 18, 2014, pet. ref'd) (mem. op., not designated for publication).[5] "Initially, we determine whether error occurred and then evaluate

---

[1]Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2011).

[3]*See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[4]Coffey's conviction for aggravated assault was the subject of a separate appeal. We issued our opinion in that case on June 7, 2017. *See Coffey v. State*, No. 06-16-00181-CR, 2017 WL 2457426 (Tex. App.—Texarkana June 7, 2017, no pet. h.) (mem. op., not designated for publication).

[5]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

whether sufficient harm resulted from the error to require reversal." *Newkirk*, 506 S.W.3d at 191 (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)); *see also Russell*, 2014 WL 1572473, at *3.

The trial court is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). The Code of Criminal Procedure requires the trial court to give the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *Vega*, 394 S.W.3d at 519. Even when there is no objection to inclusions and exclusions from the charge, the trial court must instruct the jury on the law applicable to the case. *Vega*, 394 S.W.3d at 519; *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). However, because an unrequested defensive issue is not the law applicable to the case, the trial court has no duty to sua sponte instruct the jury on unrequested defensive issues. *Vega*, 394 S.W.3d at 519; *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). On appeal, "[a] defendant cannot complain . . . about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint." *Vega*, 394 S.W.3d at 519 (citing *Posey*, 966 S.W.2d at 61).

A defendant may preserve error if his "requested charge is specific enough to put the trial court on notice of the omission or error in the charge." *Allen v. State*, No. 03-15-00420-CR, 2017 WL 1832456, at *1 (Tex. App.—Austin May 2, 2017, pet. filed) (mem. op., not designated for

3

publication) (quoting *Jackson v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd)). However, although "'magic words' are not required," the record must reflect that the trial court understood the request to encompass the matters complained about on appeal. *Bennett v. State*, 235 S.W.3d 241, 243 n.9 (Tex. Crim. App. 2007) (citing TEX. R. APP. P. 33.1(a)(1)(A)).

## II.     There Was No Duty to Instruct the Jury on the Unrequested Defensive Issues

### A.     Self-Defense

In his first point of error, Coffey contends that the trial court erred in failing to give an instruction on self-defense after he objected to the omission of an instruction on self-defense. On appeal, Coffey does not state what self-defense instruction he contends the trial court should have given. However, he argues that the evidence showed that Warren's son, Robert, was brandishing a screwdriver, was angry, and was shouting before the shooting and that "[t]he threatening use of the screwdriver by Robert along with his and Warren's shouting acted in concert with the proximity to raise self-defense." From this, we construe Coffey's complaint on appeal to be that the trial court erred in failing to give an instruction on self-defense against multiple assailants.

At trial, Coffey made a general objection to the absence of an instruction on self-defense, and when asked for a specific instruction, tendered his proposed instruction. Coffey's requested instruction, marked as defendant's Record Exhibit 2, stated that there was evidence that Coffey "believed his use of force was necessary to defend himself against Warren Neil's [sic] use [or attempted use] of deadly force." When the trial court denied his request, Coffey only objected to the trial court's not including his requested instruction, "Defendant's 2," in the jury charge. Coffey never notified the trial court that he wanted an instruction on self-defense against multiple

4

assailants.  On appeal, Coffey does not contend that Warren at any time was using or threatening to use a deadly weapon, and he does not complain about the trial court's refusal to include defendant's Record Exhibit 2 in the jury charge.[6]

As the Austin Court of Appeals has noted, "In the Penal Code, self-defense is not a single issue but rather a constellation of issues dealing with the justification of the use of force." *Allen*, 2017 WL 1832456, at *2 (citing TEX. PENAL CODE ANN. §§ 9.31, 9.32).  Consequently,

> if the defendant requests an instruction on one self-defense issue, the trial court is not obligated to include every possible self-defense instruction in the jury charge. Rather, to preserve for appellate review a complaint that the trial court did not instruct the jury on a particular self-defense issue, the defendant must request the instruction and object to the omission of the instruction; otherwise, the issue is forfeited.

*Id.* (citing *Barrios v. State*, 389 S.W.3d 382, 395 n.16 (Tex. App.—Texarkana 2012, pet. ref'd)). When the record does not demonstrate that the appellant requested the self-defense instruction complained about on appeal, the appellant forfeits the issue, and the trial court does not err in failing to include the instruction in its charge.  *Id.* at *3.

Since the record shows that Coffey did not request an instruction on self-defense against multiple assailants and that he only objected to the non-inclusion of an instruction on Warren's use or attempted use of deadly force, we find that the trial court did not err in failing to instruct the jury on the issue and that Coffey has forfeited this issue.  *See id.* at *2.  We overrule this point of error.

---

[6]There was no evidence in the record that Warren used or attempted to use deadly force.

5

### B.    Sudden Passion

In his second point of error, Coffey argues that the trial court erred in failing to include an instruction on sudden passion in its jury charge on punishment. Coffey does not contend, and the record does not indicate, that Coffey objected to the omission or requested the inclusion of an instruction on sudden passion.[7]

The Texas Penal Code allows a defendant, at the punishment stage of a murder trial, to raise the issue of "whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." TEX. PENAL CODE ANN. § 19.02(d) (West 2011). If he proves the issue by a preponderance of the evidence, the punishment for the offense is reduced to a second degree felony. *Id.* The Austin Court of Appeals has held that "sudden passion is a defensive issue that is not 'law of the case,' and therefore must be brought to the court's attention. Thus, unless the defendant requests a sudden-passion instruction, the trial court is under no obligation to include such an instruction sua sponte." *Russell*, 2014 WL 1572473, at *4.

Since Coffey failed to request a sudden passion instruction or otherwise bring the omission to the trial court's attention, we find that the trial court did not err in failing to give the instruction. *See id.* We overrule Coffey's second point of error.

---

[7]When asked if there were any objections to the trial court's charge on punishment, Coffey responded, "No objections from the Defense, Your Honor."

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     April 26, 2017
Date Decided:       July 13, 2017

Do Not Publish

7