**Opinion issued August 5, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00985-CR

———————————

### MANUEL LOPEZ VARGAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 18-CR-0841**

---

## MEMORANDUM OPINION

Appellant, Manuel Lopez Vargas, was charged by indictment with the felony offense of continuous sexual abuse of a child. *See* TEX. PENAL CODE § 21.02. Appellant pleaded not guilty, proceeded to jury trial, and was convicted of the lesser-included offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE

§ 22.021. Per appellant's election, the trial court assessed punishment, and sentenced appellant to 30 years' imprisonment. This sentence is within the applicable range. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant was provided a copy of the record but did not file a pro se response.

We have independently reviewed the entire record in this appeal and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Although there is no reversible error in this case, the Court must correct the judgment to reflect the statute of conviction. The record is clear that appellant was convicted of the offense of aggravated sexual assault of a child, but we note that the trial court's judgment contains a typographical error citing the "Statute for Offense" as "22.02(a)(2)(B)" of the Texas Penal Code rather than 22.021(a)(2)(B).[1] This court

---

[1] Section 22.02 is the provision for aggravated assault. *See* TEX. PENAL CODE § 22.01. It does not have a subsection (a)(2)(B).

has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). This includes the authority to reform a judgment to reflect the correct offense. *See, e.g., Jackson*, 288 S.W.3d at 64 (reforming judgment to reflect that appellant was convicted of aggravated assault and not "aggravated assault against pb servant"); *Rodriguez v. State*, No. 05-11-01734-CR, 2013 WL 438686, at *4 (Tex. App.—Dallas Feb. 5, 2013, no pet.) (mem. op., not designated for publication) (correcting code citation in judgment). Accordingly, we modify the trial court's judgment to reflect that the "Statute for Offense" is "22.021(a)(2)(B)" rather than "22.02(a)(2)(B)."

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[2] *See* TEX. R. APP. P. 43.2(a). Attorney Calvin D. Parks must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).