# NO. 12-22-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKEY BERNARD RUSSEAU,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Ricky Bernard Russeau, appeals from his conviction and sentencing for possession of a controlled substance. In one issue, Appellant argues that the judgment in this case is void because it omits a jury finding on one of the State's enhancement allegations. We affirm as modified.

## BACKGROUND

On October 21, 2021, Appellant was indicted for the offense of possession of a controlled substance, less than one gram. Appellant initially pleaded "not guilty," and this matter proceeded to a jury trial. The jury found Appellant "guilty" of the charged offense. At the punishment phase, the State alleged three enhancements: (1) in 1987, Appellant was convicted of felony murder and the judgment of conviction contained an affirmative finding of the use and/or exhibition of a deadly weapon, (2) in 1978, Appellant was finally convicted of the felony offense of forgery, and (3) in 1982, Appellant was finally convicted of the felony offense of robbery. Appellant pleaded "not true" to these enhancement allegations, but the jury returned a finding of "true" to all three and assessed punishment of life imprisonment.[1] This appeal followed.

---

[1] The charged offense is a state jail felony, punishable by a maximum of two years' imprisonment. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2023); TEX. PENAL CODE ANN. § 12.35 (West 2023). However, the jury's finding of "true" regarding Appellant's previous murder conviction elevated the punishment

## OMISSION OF JURY FINDING FROM WRITTEN JUDGMENT

Appellant argues that because the judgment of conviction omits the jury's finding as to one of three enhancements alleged by the State, it does not support the imposition of a life sentence and is therefore void. The State argues, in its sole counterpoint, that the jury's verdict as rendered supports the imposition of a life sentence, and that we have the authority to modify the judgment to include the jury's findings.

An appellate court has the duty to correct and modify a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so." *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); TEX. R. APP. P. 43.2(c). Our authority to modify a trial court's judgment is not restricted to the correction of clerical errors. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Morris*, 496 S.W.3d at 836. But the record must supply us with the information necessary to show both that a modification is warranted and the particular modification that is warranted. *Van Flowers v. State*, 629 S.W.3d 707, 712 (Tex. App.—Houston [1st Dist.] 2021, no pet.). The purpose of such an order is to correctly reflect from the records of the court the judgment actually "rendered" but which for some reason was not "entered" at the proper time. *Silva v. State*, 989 S.W.2d 64, 66 (Tex. App.—San Antonio 1998, pet. ref'd). Specifically, an appellate court may reform a judgment to reflect an affirmative finding that was made by a jury but not entered by the trial court. *McCallum v. State*, 311 S.W.3d 9, 19 (Tex. App.—San Antonio 2010, no pet.); *see also Van Flowers*, 629 S.W.3d at 711.

In this case, the trial court's written judgment of conviction does not reflect the jury's finding on the third enhancement paragraph, alleging Appellant's prior conviction for robbery. However, the record, particularly the punishment phase verdict form and the transcript of the proceedings, makes clear that the jury found each of the enhancement paragraphs "true." The omission of this affirmative finding from the written judgment is unrelated to judicial reasoning, and the record provides us with the necessary proof of the findings actually rendered by the jury. Therefore, we may reform the trial court's judgment to "make the record speak the truth."

---

range to that of a third-degree felony, and the finding of "true" regarding Appellant's two other prior felony convictions elevated the available punishment range to either imprisonment for no less than 25 years and no more than 99 years, or life imprisonment. TEX. PENAL CODE ANN. § 12.35(c)(2), 12.42(d) (West 2023), *State v. Kahookele*, 604 S.W.3d 200, 211–12 (Tex. App.—Austin 2020), *aff'd*, 640 S.W.3d 221 (Tex. Crim. App. 2021).

*Jackson*, 288 S.W.3d at 64. And as reformed to include all the enhancement findings, the trial court's judgment supports the jury's imposition of a life sentence in this case. *Kahookele*, 604 S.W.3d at 211–12.

We overrule Appellant's sole issue in part as to his contention that the judgment is void and we sustain his issue in part to the extent he seeks reformation of the judgment. We likewise sustain the State's counterpoint.

### CONCLUSION

Having sustained Appellant's sole issue in part and having sustained the State's counterpoint, we *modify* the trial court's judgment of conviction to add, below the plea and findings on the 2nd enhancement paragraph:

Plea to 3rd Enhancement Paragraph: Not True

Findings on 3rd Enhancement Paragraph: True

We *affirm* the judgment of the trial court as *modified*.

GREG NEELEY
Justice

Opinion delivered June 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2023**

**NO. 12-22-00269-CR**

**RICKEY BERNARD RUSSEAU,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1778-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to add below the plea and findings on the 3rd enhancement paragraph:

- Plea to 3rd Enhancement Paragraph: Not True
- Findings on 3rd Enhancement Paragraph: True

In all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*