

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00199-CR

**BRANDON MATTHEW CRABTREE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 46092CR**

## MEMORANDUM OPINION

The trial court found Appellant Brandon Crabtree guilty of the state jail felony offense of possession of a controlled substance following a hearing on the State's amended motion to adjudicate. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). After finding Crabtree guilty, the trial court assessed his punishment at 730 days' confinement in the Texas Department of Criminal Justice State Jail Division. *See* TEX. PENAL CODE ANN. § 12.35. This appeal ensued. We affirm the trial court's judgment.

## Background Facts

On September 23, 2020, Crabtree pleaded guilty pursuant to a plea agreement, and the trial court placed him on four years' deferred adjudication community supervision.

On May 27, 2022, the State filed a motion to adjudicate guilt, alleging Crabtree had violated the terms and conditions of his community supervision.

On August 8, 2022, the State filed an amended motion to proceed with adjudication of guilt, which alleged the following violations[1] of Crabtree's community supervision:

> (1) (Commit no offense against the laws of this or any other State or of the United States; further, report to your community supervision officer within 48 hours if arrested or questioned by any law enforcement officer;) in that on or about July 27, 2022, in Ellis County, Texas, the said defendant committed the offense of Theft and was arrested by the Waxahachie Police Department;
>
> (2) (Avoid injurious or vicious habits; abstain from the use of alcoholic beverages and any product containing alcohol and do not use any illegal drug or controlled substance unless prescribed by a licensed physician for legitimate purposes. Provide proof of all current prescription medications to your supervision officer;) in that;
>
> > (a) On or about October 3, 2021, the said defendant admitted to using a controlled substance, namely Methamphetamine;
> > (b) On or about December 9, 2021, a urinalysis sample collected from the said defendant tested positive for a controlled substance, namely Fentanyl;
>
> (9) (Pay a supervision fee of $60.00 per month to the community supervision department on or before the 15th day of each month hereafter

---

[1] The paragraph numbering is as alleged in the State's amended motion to adjudicate and corresponds to the specific terms and conditions as set forth in the conditions of community supervision and order modifying the conditions of community supervision.

during the supervision in the month next following entry of this order;) in that the said defendant failed to pay supervision fees as directed and is currently delinquent in the amount of $660.00;

(10) (Make payments to the Ellis County Community Supervision and Corrections Department as follows: (a) Court Costs $290.00 (b) Restitution $180.00 (c) Attorney Fee $1,320.00 (d) Fine $400.00 (e) Collection Fee $25.00 (f) Crime Stoppers $0 (g) DA Forgery Fee $0 (h) Family Violence $0 (i) Children Advocacy Center $0 (j) Interpreter Fee $0 (k) Other $0, by making monthly payments in the amount of $100.00 per month beginning in the month next following entry of this order, or next following your release from jail, and continuing until all court-ordered obligations are paid in full. The defendant acknowledges that he or she possesses the financial means and ability to make payments in accordance with this schedule;) in that the said defendant failed to make payment as directed and is currently delinquent in the amount of $1,440.00;

(24) (Serve a term of confinement and treatment in a substance abuse treatment facility operated by the Texas Department of Criminal Justice as provided by T.C.C.P. Article 42A.303. Defendant will remain therein until transported to a treatment facility. Upon completion of treatment and release from the facility, the defendant will participate in the Intensive Supervision Program, following all rules and regulations of the program, as directed by the community supervision officer;) in that the said defendant failed to comply with the rules and regulations of the Intensive Supervision Program;

(Al) (Within 60 days of this order, enroll in and thereafter successfully complete a Drug Offender Education program;) in that the said defendant failed to complete a Drug Offender Education Program;

On June 12, 2023, the trial court conducted a hearing on the State's amended motion to adjudicate guilt. Crabtree pled not true to all the allegations. Following the hearing, the trial court found all the allegations true and found Crabtree guilty.

## First Issue

In his first issue, Crabtree argues that the trial court abused its discretion in adjudicating his guilt.

AUTHORITY

A trial court's decision to adjudicate guilt is reviewed under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). One sufficient ground for revocation will support the trial court's order revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. 1978). In other words, where the trial court bases its revocation of community supervision on a finding that the defendant committed two violations of law, one of which the defendant does not contest, the trial court's decision to revoke community supervision is not an abuse of discretion even if the defendant is correct in contending that the finding of the second violation is erroneous. *See Gobell v. State*, 528 S.W.2d 223 (Tex. Crim. App. 1975).

DISCUSSION

Crabtree specifically argues that the trial court erred in finding true the violation of condition 24 in the judgment adjudicating guilt. Crabtree contends that the State's motion incorrectly alleged that Crabtree had failed to complete the Intensive Supervision Program after he had been ordered to participate in and complete substance abuse felony punishment (SAFP), and that Crabtree was not ordered to complete SAFP as a condition of his community supervision. Additionally, Crabtree argues the evidence shows that he did complete the Intensive Supervision Program.

But, regardless of whether Crabtree completed the Intensive Supervision Program, the trial court made a finding of true on six other violations that Crabtree does not contest in this appeal. Because proof of one violation is sufficient grounds for revocation, the trial court did not abuse its discretion by adjudicating Crabtree guilty. *See Jones*, 571 S.W.2d at 193. Therefore, we overrule Crabtree's first issue.

## Second Issue

In his second issue, Crabtree asserts that the judgment contains three errors: (1) the name of the presiding judge, (2) the finding that he violated condition 24, and (3) the title of charging instrument. The State concedes, and both parties request a modification of the judgment.

AUTHORITY

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *see also Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment to show $500 fine was imposed but not stated in judgment); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (modifying judgment to reflect appellant had been found guilty of aggravated assault, a second-degree felony, rather than aggravated assault of public servant, a first-degree felony); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (reforming judgment to reflect longer sentence).

Because we have overruled Crabtree's first issue, we decline to modify the judgment regarding the finding that Crabtree violated condition 24.  However, because the record supports Crabtree's contentions as to the first and third asserted clerical errors, we sustain in part his second issue and modify the judgment to reflect that the presiding judge was Senior Justice David Evans and that the trial court found that Crabtree violated the conditions of community supervision, as set out in State's "Amended Motion to Adjudicate," and therefore granted the State's "Amended Motion to Adjudicate."

## **Conclusion**

We affirm the trial court's judgment as modified.

MATT JOHNSON
Chief Justice

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Rose[2]
Affirmed
Opinion delivered and filed January 16, 2025
Do not publish
[CRPM]



---

[2] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.